## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DEE FORTKAMP, CHARLYNN HAMILTON, JAMES HOWARD, JIMMIE HOWARD, DEAN HOWARD, FRANCIS PERLINGER, on behalf of themselves and all others similarly situated,** | CASE NO. 7:05CV5015 |
| **Plaintiffs,** | REMAND ORDER |
| vs. | |
| **E. I. DUPONT DE NEMOURS AND COMPANY, PIONEER HI-BRED INTERNATIONAL, MONSANTO COMPANY,** | |
| **Defendant.** | |

This matter is before the Court on the parties' Joint Motion to Transfer the case to the United States District Court for the Eastern District of Missouri (Filing No. 1). In support of the motion to transfer venue, the parties represent that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Filing No. 2, Brief in Support of the Motion to Transfer Venue, p. 3). The Notice of Removal, filed the same day as the Joint Motion to Transfer Venue, also represents that complete diversity of citizenship exists and that the amount in controversy exceeds $75,000 (Filing No. 4).

I have considered the Notice of Removal and the Petition. The case was not removed within a year of its filing in state court, as is required under 28 U.S.C. § 1446(b). That may be sufficient cause to remand the case to the District Court of Perkins County, Nebraska. However, the Plaintiffs have waived, perhaps purposefully, any objection they had to the untimeliness of the Defendants' removal by taking affirmative steps in federal court, *i.e.*, joining in the motion to transfer. Nevertheless, I conclude that remand is

necessary because I am not persuaded that the Court has subject matter jurisdiction over this case.

The Court may exercise its diversity jurisdiction if there is complete diversity between the parties and the amount in controversy threshold of $75,000 is satisfied. 28 U.S.C. § 1332. In the Petition, the Plaintiffs allege that they purchased genetically modified seed from the Defendants, and that the Defendants engaged in illegal, unfair, and anti-competitive trade and commercial practices in violation of Nebraska common law, the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1602-1605 (Reissue 2004), and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-303.01 (Reissue 1999). The Plaintiffs seek injunctive relief and damages for the losses they sustained to their businesses because of the allegedly illegal activities of the Defendants. Specifically, the Plaintiffs allege that they have been forced to pay "supracompetitive prices" for the seed, and they have suffered "damages in an amount to be determined at trial." (Petition at ¶ 85). No plaintiff-specific damages information is alleged in the Petition.

In support of the Notice of Removal, Defendants state that the Plaintiffs have alleged that they were forced to purchase seed at a higher price than they otherwise would have paid, because of the Defendants' actions. Defendants note that Plaintiffs seek injunctive relief; statutory, compensatory, punitive, and exemplary damages; and statutory attorneys fees. Defendants assert that "the purported value of at least one (if not all) [the Plaintiffs'] claims likely exceeds the minimum threshold," but the Defendants have offered no information to indicate that any single Plaintiff has actually been damaged in excess of $75,000. (Notice of Removal at 4-5).

The Petition establishes the parties' complete diversity of citizenship, but I conclude that this Court lacks sufficient information about the value of any single Plaintiff's claim in order to allow the Court to assert jurisdiction over the case. The Petition does not identify an amount in controversy. There is no allegation or information from which the Court can calculate or even estimate a single Plaintiff's damages. While it may be within the realm of possibility that the Plaintiffs' claims for statutory attorneys fees may be sufficient to satisfy the jurisdictional amount-in-controversy requirement (given that they are represented by four law firms), it is far from a certainty because the Plaintiffs' statutory fees, like their individual damages, cannot be aggregated for the purpose of establishing the amount-in-controversy requirement. See *Crawford v. F. Hoffman-La Roche Ltd*, 267 F.3d 760, 767 (8th Cir. 2001).

In the Notice of Removal, Defendants assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and *Exxon Mobil Corp., v. Allapattah Servs. Inc.*, __ U.S.__, 125 S.Ct. 2611 (2005). The *Exxon* Court held that "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, §1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." *Id.* at 2615. *Exxon* does not help the Plaintiffs until and unless at least one of them can demonstrate satisfaction of the amount in controversy. In addition, the Class Action Fairness Act of 2005, which amended 28 U.S.C. § 1332 and 28 U.S.C. § 1446 to expand original jurisdiction in federal court for some class actions, does not authorize jurisdiction in this case. Not only is the amount in controversy ambiguous, but the Plaintiffs' action was initiated in state court before enactment of the Class Action Fairness Act. *See*

3

*Knudsen v. Liberty Mutual. Ins. Co.*, 411 F.3d 805 806 (7th Cir. 2005); and *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235-38 (10th Cir. 2005).

For these reasons,

IT IS ORDERED:

1. This case is remanded to the District Court of Perkins County, Nebraska, for want of subject matter jurisdiction;

2. The Motion to Transfer (Filing No. 1) shall be terminated; and

3. The Clerk of the Court shall take every action needed to accomplish the remand.

Dated this 23nd day of August, 2005.

    BY THE COURT:

    s/Laurie Smith Camp
    United States District Judge